## Commonwealth v. Swartz

*Shawn Wagner, assistant district attorney,* for the commonwealth.

*Jonathan Birbeck,* for defendant.

HESS, *J.,* June 30, 1989 — Defendant, Brian T. Swartz, has filed post-trial motions after a jury trial held on November 8, 1988, at which he was found guilty of driving under the influence. 75 Pa.C.S. §3731. The testimony at the trial indicated that, during the early morning hours of June 26, 1988, defendant was arrested and charged with driving under the influence as well as other summary

violations of the Motor Vehicle Code. He was transported to the Cumberland County Booking Center where, though informed of the ramifications under the implied consent law, he refused to take either a breathalyzer or blood alcohol test. While in the Cumberland County Booking Center, defendant was directed to perform various sobriety tests which were recorded on videotape. He had not been warned concerning his rights against self-incrimination prior to the taping nor was he represented by counsel while the taping was in progress.

A timely pretrial motion to suppress both the audio and visual portions of the videotape was filed. Defendant's motion to suppress the audio portion of the tape was granted but the motion to suppress the video portion was denied. Defendant now contends that it was error to admit the video portion during a trial. This tape was reviewed by the jury twice, the second view occurring at their request and during their deliberations.

The Fifth Amendment to the U.S. Constitution guarantees that no person shall be compelled in any criminal case to be a witness against himself. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966) and its numerous progeny, our courts have held that the accused must be informed of this Fifth Amendment right prior to custodial interrogation by the police. In *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966), and in the many cases which have since construed it, the courts have held that the Fifth Amendment applies only to evidence of a communicative or testimonial nature and not to the seizure of physical evidence or even, for that matter, to the withdrawal of blood. More specific to this case, our Superior Court held in *Commonwealth v. Romesburg,* 353 Pa. Super. 215, 509 A.2d 413

(1986), that "Field sobriety tests do not elicit testimonial or communicative evidence and, thus, do not trigger Fifth Amendment protection." *Id.* at 218, 509 A.2d at 415.

In *Commonwealth v. Waggoner,* 373 Pa. Super. 23, 540 A.2d 280 (1988), the Superior Court was faced with Fifth Amendment concerns in the context of videotaping. In *Waggoner,* defendant was arrested and charged with driving under the influence, and was subsequently videotaped performing field sobriety tests. The court held that no *Miranda* warnings were required prior to videotaping Waggoner performing physical acts involving sobriety tests, since requiring a defendant to perform a field sobriety test did not involve a communication. *Id.* at 29. In *Waggoner,* however, defendant, without benefit of *Miranda* warnings, posed questions, answered questions, and made statements during the course of the sobriety test which were captured on videotape. In reaching the conclusion that the audio portion of the videotape was within the purview of the Fifth Amendment, the *Waggoner* court relied on *Commonwealth v. Conway,* 368 Pa. Super. 488, 534 A.2d 541 (1987).

In *Conway,* the court was similarly faced with the question of whether the audio portion of a videotaped sobriety test should have been admitted into evidence. In that case, Conway asked questions to get clarification concerning the officer's test instructions. He was also asked, by the police, to count from 1001 to 1030 as part of one test. The court concluded that these verbalizations were testimonial, and that defendant was thereby compelled to reveal his thought processes and exhibited a type of confusion which the court held to be incriminating. *Waggoner* at 30, 540 A.2d at 283, citing *Conway.*

On the basis of these appellate precedents, we are entirely satisfied that our order suppressing the audio portion of the videotape was proper. Defendant, however, contends that we erred by not excluding the entire videotape. For this proposition, he cites *Commonwealth v. Thompson,* 377 Pa. Super. 598, 547 A.2d 1223 (1988) as controlling. His reliance on this case is misplaced. In *Thompson,* defendant was videotaped performing field sobriety tests. During the taping, Thompson requested the assistance of counsel and, when the police failed to fulfill his request, Thompson commented several times on the failure. Thompson thereafter became obscene and uncooperative with the authorities, all of which was captured on the videotape. At trial, defense counsel was put in the untenable position of either playing the entire audio and visual portions of the tape or showing simply the video portion containing unexplained belligerence on the part of defendant. Since Thompson's behavior apparently arose out of his having been denied counsel, and it being necessary to play the audio portion by way of explanation, but the audio portion being otherwise inadmissible, the Superior Court was compelled to the conclusion that the entire tape had to be excluded.

In the case sub judice, there is no showing that unexplained verbalizations on the videotape could, themselves, create confusion or indicate intoxication. There was, in short, nothing of a testimonial or communicative nature which would cause one to believe that the tape was more than simply a film of defendant's performance of a field sobriety test. The facts of this case, therefore, do not bring it within the exception, created by *Thompson,* to the normal rule that the jury is entitled to view physical evidence including a film of defendant's sobriety testing.

Mr. Swartz also claims that his Sixth Amendment

right to counsel was violated because he was not permitted to have an attorney present at the videotaping. It is true that the right to counsel inheres in all criminal prosecutions where a defendant's loss of liberty is at stake, *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972), and that the right attaches at all "critical stages" of the proceedings against the accused. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). That videotaping is such a critical stage, however, has been specifically repudiated by our Superior Court in *Commonwealth v. Waggoner, supra.* While this case leaves no doubt that the right to counsel attached during audiotaping, the conclusion is otherwise with regard to the visual portion of the tape.

"As with our analysis of Waggoner's Fifth Amendment right to counsel, the visual and audio portions of the videotape require separate treatment. We will first address the visual portion of the videotape. Videotaping of Waggoner's field sobriety tests made exact reconstruction of his performance of the test possible. Instead of being exposed to a police officer's description at trial of how Waggoner had performed the field sobriety tests, Wagonner had his performance accurately captured on tape. Moreover, since the Fifth Amendment provides no protection against having one's physical performance of the tests recorded on videotape, his counsel's presence at the videotaping would have made no difference. Waggoner would have still been required to perform the tests. Furthermore, when the videotape was shown at trial, Waggoner had the opportunity to argue that his poor performance of the tests was due to his arthritic condition rather than to his state of intoxication. Thus, any risk involved in the visual aspect of the videotaped sobriety tests could have been suf-

ficiently cured at trial. Given these factors, the visual taping of Waggoner performing the sobriety tests cannot be labeled a critical stage entitling Waggoner to the Sixth Amendment's right to counsel." *Waggoner, supra.*

We conclude, therefore, that Brian Swartz was not improperly denied the presence of counsel during videotaping and that we did not err by permitting the commonwealth to show the tapes to the jury, without sound. He should not, therefore, have a new trial.

## ORDER

And now, June 30, 1989, defendant's motions for post-trial relief are denied. Sentence is deferred pending receipt by the court of a short-form presentence investigation report.